IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:98-CV-215-BO(2)

ANTHONY N. WHITING )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
　　vs. )
　　　　　　　　　　　　　　　　)
WILLIAM W. WESLOWSKI )
d/b/a SKI'S AUTO WORLD PAINT )
and )
SKI'S AUTO-WORLD )
PAINT & BODY SHOP, INC. )
　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

FILED

APR 2 0 2000

David W. Daniel, Clerk
US District Court, EDNC
By _____ Dep. Clerk

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANT CORPORATION AND DEFENDANT WESLOWSKI

### I. INTRODUCTION

This memorandum of law supports Defendants' motions to dismiss, filed contemporaneously herewith. Plaintiff Anthony N. Whiting has been an employee of Defendant Ski's Auto-World Paint & Body Shop, Inc., ("Defendant Corporation"). Defendant Corporation is organized and existing under and pursuant to the law of North Carolina and engaging in the automotive paint and body business in Fayetteville, Cumberland County. Defendant William W. Weslowski is a citizen and resident of Cumberland County, North Carolina, and is employed at Defendant Corporation and is President of said Defendant Corporation.

This action was originally filed and summons issued on March 19, 1998. On May 14, 1998, Plaintiff filed an amended complaint.

1

**SUSAN J. HALL**
ATTORNEY-AT-LAW
POST OFFICE BOX 713 / 112 DAMD STREET, SUITE 2 / FAYETTEVILLE, NC 28302-0713
OFFICE 910/485-0955 / FAX 910/485-1472

Case 5:98-cv-00215-BO Document 29 Filed 04/21/00 Page 1 of 10



The amended complaint was served on Defendant Corporation's registered agent and on Defendant Weslowski by certified mail on or about May 21, 1998. On June 8, 1998, this Court granted Defendants an extension of time to answer until and including June 30, 1998. Defendants filed their answer and pre-answer motions on June 30, 1998. On September 25, 1998, this Court dismissed Plaintiff's Complaint. Plaintiff then appealed this Court's Decision to the United States Court of Appeals who affirmed in part and vacated and remanded in part by unpublished per curiam opinion entered on September 23, 1999. This Court then entered a discovery plan; dispositive motions are due April 21, 2000.

## II. STATEMENT OF FACTS AND RELATED PROCEEDINGS PERTINENT TO DEFENDANTS' MOTIONS TO DISMISS

This statement of facts is comprised of a description of the allegations in the complaint that bear on Defendants' motions to dismiss. Plaintiff, who is black, was a painter's assistant. Terry Alfano[1], who is white and who had seniority, was offered a painter's position. Terry Alfano turned down the position and left Defendant Corporation's employment for a period of two weeks. When Terry Alfano returned, he took the painter's position.

---

[1]Terry Alfano is also known as Terry Alfana. Defendants' records indicate that the proper spelling is Alfana.

Susan J. Hall
Attorney-at-Law
Post Office Box 70213 • Dam Street, Suite 217 • Fayetteville, NC 28203-0713
Office 910/485-0955 / Fax 910/485-1472

In the meantime, Plaintiff expressed an interest in the painter position but was rebuffed by Defendant Weslowski. Defendant Weslowski told Plaintiff that a new person had been hired for the position. However, when several days passed and no new person reported for work, Plaintiff questioned Defendant Weslowski, who continued to maintain that a new person had been hired as painter. Plaintiff then telephoned Defendant Weslowski and, without first identifying himself, asked Defendant Weslowski whether the painter position had been filled. When Defendant Weslowski recognized Plaintiff's voice on the telephone, Defendant Weslowski confronted Plaintiff about his deceptive actions. Plaintiff was terminated the following morning. Two days later, Terry Alfano returned to Defendant Corporation's employment as a painter.

On December 27, 1999, Defendants served Plaintiff with "Defendants' First Set of Request of Admissions." Plaintiff had thirty-three days to respond to Defendants' request for admissions (thirty days plus three due to service by U.S. Mail). Thus, Plaintiff's time to respond to Defendants' request was January 31, 2000. Defendants have never been served with a response to their requests for admissions. The admissions, if admitted, would be a complete defense to Defendants and would dispose of the Plaintiff's case. A copy of the admissions was

3

attached to a motion previously filed and are fully incorporated herein.

Plaintiff's admissions that are central to the issues at hand are as follows: Plaintiff had been an employee of Defendant Ski's Auto World Paint & Body Shop, Inc., since December 1994 when he was hired as a painter's assistant. On March 5, 1996, Plaintiff spoke to his supervisor and expressed an interest in the painter's position. The supervisor told Plaintiff that he talked to Defendant Weslowski, but Plaintiff was not present when his supervisor spoke to Defendant Weslowski. Terry Alfana worked for Defendants as a painter, had seniority to Plaintiff, and had more experience as a painter than Plaintiff. Terry Alfana left Defendants' employment for one week to work at Coca-Cola. When Mr. Alfana left, Plaintiff personally did not know if Mr. Alfana had an arrangement with Mr. Weslowski that would have permitted him to return to his painter's position if the Coca-Cola job did not work out. Other employees had terminated Defendants' employment and returned to their same positions. Plaintiff called Mr. Weslowski on March 19, 1996, without identifying himself. Plaintiff was fired on March 20, 1996. At the time Plaintiff was fired, Defendant Weslowski told Plaintiff it was because he had not identified himself over the telephone. Plaintiff's job performance did not meet Defendants' legitimate expectations. Defendants did not seek a replacement for Plaintiff's position. Plaintiff was not a member of a protected

4

**SUSAN J. HALL**
ATTORNEY-AT-LAW
POST OFFICE BOX 7163 / 115 CAMPUS STREET, SUITE 217 / FAYETTEVILLE, NC 28302-0713
OFFICE 910/485-0955 / FAX 910/485-1472

Case 5:98-cv-00215-BO Document 29 Filed 04/21/00 Page 4 of 10

group. Plaintiff did not apply for the job of painter, and Plaintiff was not qualified for the painter position. Plaintiff was not rejected for the painter position because of Plaintiff's race. The painter position was not given to a person who had similar qualifications as Plaintiff, and the painter position was not given to a person who had lesser qualifications as Plaintiff. Defendants always ran a continuous advertisement in the local newspaper seeking new painters. Plaintiff only assumes that Defendants did not promote him because of his race. Prior to being terminated, Defendants have never acted in a discriminatory fashion against Plaintiff.

### III. ARGUMENT

**A. THE COMPLAINT SHOULD BE DISMISSED ON THE BASIS THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACT FOR TRIAL.**

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. Fed. R. Civ. P. 56(c); <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986). The movant must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. <u>Id.</u> At 324, 106 S. Ct. 2553 (1986). The Court must view the facts and inferences drawn from the facts in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. Vs. Zenith</u>

5

SUSAN J. HALL
ATTORNEY-AT-LAW
POST OFFICE BOX 7013 / 115 AMD Streets, Suite 2 / Fayetteville, NC 28302-0713
Case 5:98-cv-00215-BO Document 29 Filed 04/21/00 Page 5 of 10
OFFICE 910/485-0955 / FAX 910/485-1472

Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356, 89 L.Ed 2d 538 (1986).

1. Plaintiff has failed to establish a prima facie case alleging discrimination for failure to promote pursuant to 42 U.S.C. Section 1981 (1994).

    a. To establish a prima facie case of discrimination for this claim, Plaintiff must show 1) that he is a member of a protective class, 2) that he applied for the painter position, 3) that he was qualified for the position, and 4) that he was rejected for the position under circumstances that raise an inference of unlawful discrimination. *See* Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994); Gairola v. Commissioner of Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285-86 (4th Cir. 1985).

Plaintiff is black, but admits that he was not a member of a protected group. Plaintiff's admissions indicated that although he did express an interest in the position of painter to his supervisor, he did not apply for the job of painter and was not qualified for the painter position. Plaintiff also admits that he was not rejected for the painter position because of Plaintiff's race and that the painter position was not given to a person who had similar qualifications or lesser qualifications as Plaintiff. In fact, Defendants always ran a continuous advertisement in the local newspaper seeking new painters. Plaintiff only assumes that Defendants did not promote him

6

**Susan J. Hall**
Attorney-at-Law
Post Office Box 7132 / 115 Lamon Street, Suite 217 / Fayetteville, NC 28302-0713
Office 910/485-0955 / Fax 910/485-1472

Case 5:98-cv-00215-BO Document 29 Filed 04/21/00 Page 6 of 10

because of his race, and the Defendants have never acted in a discriminatory fashion against Plaintiff.

Thus, since Plaintiff is not a member of a protective class, he did not apply for the painter position, he was not qualified for the position, and he was not rejected for the position under circumstances that raise an inference of unlawful discrimination, his claim must fail.

b. To state a claim under Section 1981 for racial discrimination for termination, a plaintiff must show that 1) he is a member of a protected group, 2) he was working in such a way as to meet his employer's legitimate expectations, 3) he was fired despite his performance, and 4) his employer sought a replacement for him.

*See id.* In this case, Plaintiff was fired on March 20, 1996, after he called Defendant Weslowski the night before, and without identifying himself, questioned Defendant about why he could not have the job. Plaintiff does not allege that his job performance met Defendants' legitimate expectations, and in his admissions, Plaintiff admits his job performance did not meet Defendants' legitimate expectations. Plaintiff does not allege that Defendants did not seek a replacement for Plaintiff's position. Plaintiff's only allegation relating to his termination is that the "real reason" why it occurred was because

7

of his race, and his admissions indicate that he only assumed that Defendants did not promote him because of his race.

Since Plaintiff is not a member of a protected group, was not working in such a way as to meet his employer's legitimate expectations, was not fired despite his performance, and 4) Defendants did not seek a replacement for him, Plaintiff's claims must fail.

2. <u>Plaintiff has failed to establish a prima facie case pursuant to 42 U.S.C. Section 2000e-2 (1994) (Title VII) alleging "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, sex, or national origin."</u>

Again, Plaintiff is black. Plaintiff's admissions indicated that although he did express an interest in the position of painter to his supervisor, he did not apply for the job of painter and was not qualified for the painter position. Plaintiff also admits that he was not rejected for the painter position because of Plaintiff's race and that the painter position was not given to a person who had similar qualifications or lesser qualifications as Plaintiff. In fact, Defendants always ran a continuous advertisement in the local newspaper seeking new painters. Plaintiff only assumes that Defendants did not promote him because of his race, and the Defendants have never acted in a discriminatory fashion against Plaintiff before the termination.

8

Therefore, since Defendants did not refused to hire Plaintiff and did not discharge Plaintiff because of Plaintiff's race, color, sex, or national origin, Plaintiff's claims should be dismissed.

### IV. CONCLUSION

Defendants, on the bases of the points and authorities herein, the admissions of the Plaintiff, and in the accompanying exhibits, pray the Court to dismiss the claims against Defendants with prejudice and to enter judgment in their favor.

This the 20th day of April, 2000.

*Susan J. Hall*
Susan J. Hall
Attorney for Defendants
P.O. Box 713
Fayetteville, NC 28302-0713
(910) 485-0955
(910) 485-1472 (fax)

9

**SUSAN J. HALL**
ATTORNEY-AT-LAW
POST OFFICE BOX 713 / 111 LAMON STREET, SUITE 217 / FAYETTEVILLE, NC 28302-0713
OFFICE 910/485-0955 / FAX 910/485-1472

Case 5:98-cv-00215-BO   Document 29   Filed 04/21/00   Page 9 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:98-CV-215-BO(2)

FILED
APR 2 0 2000
David W. Daniel, Clerk
US District Court, EDNC
By _____ Dep. Clerk

| | |
|---|---|
| ANTHONY N. WHITING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CERTIFICATE OF SERVICE |
| ) | |
| WILLIAM W. WESLOWSKI ) | |
| d/b/a SKI'S AUTO WORLD PAINT ) | |
| and ) | |
| SKI'S AUTO-WORLD ) | |
| PAINT & BODY SHOP, INC. ) | |
| ) | |
| Defendants. ) | |

The undersigned hereby certifies that she has served the foregoing **Motion for Dismissal and accompanying memorandum** upon all parties entitled or required by law to be served, or their attorneys, by delivery of a copy or by mailing the same in a properly addressed wrapper, postage paid, and depositing the same in an official depository under the exclusive care and custody of the United States Post Office.

TO: Anthony Whiting
440 Hillsboro Street
Fayetteville, NC 28301

Dated this the 20th day of April, 2000.

_____
Susan J. Hall
Attorney for Defendants
P.O. Box 713
Fayetteville, NC 28302-0713
(910) 485-0955
(910) 485-1472 (fax)